I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 4-3-13

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL MACIAS,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>GREGORY D. TOTTEN et al.,<br><br>　　　　Respondents. | Case No. CV 13-2135-PSG (JPR)<br><br>ORDER TO SHOW CAUSE |

　　On March 25, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. The Petition challenges Petitioner's 1997 conviction and 80-years-to-life sentence in Ventura County Superior Court for assault with a deadly weapon, residential burglary, and related offenses. Petitioner raises five claims: (1) "denied right to a speedy trial," (2) "visible shackling to jury," (3) "juror mis-conduct," (4) "prosecutor mis-conduct," and (5) "Miranda rights not waived."[1] (Pet. at 5-6.) Petitioner did not file a petition for

---

[1] The Petition is completely devoid of facts to support these claims. Should it survive the Court's preliminary screening, it will have to be dismissed with leave to amend so that Petitioner

1

review in the California Supreme Court, nor has he filed any state habeas petitions. (Pet. at 3.) Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from the date his conviction became final to file a federal habeas petition. See 28 U.S.C. § 2244(d). That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been

can explain the basis, both legal and factual, for his claims.

discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final in early 1999, 40 days after the court of appeal affirmed the judgment on direct review. See (Pet. at 3); Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (when no petition for review filed, judgment becomes final 40 days after court of appeal decision). Thus, absent some kind of tolling or a later trigger date, Petitioner had until early 2000 to file his federal Petition. He did not file it until early 2013, seemingly 13 years late.

From the face of the Petition it does not appear that Petitioner is entitled to a later trigger date on any of his claims, as they all seem to concern facts that must have been known to him at the time of trial. Moreover, because Petitioner has apparently not filed any state habeas petitions (see Pet. at 3), he does not appear to be entitled to any statutory tolling. In certain circumstances, a habeas petitioner may be entitled to equitable tolling. See Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). But he must show that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). The Petition is lacking any facts that could conceivably entitle Petitioner to equitable tolling. He states

that his appellate counsel died in May 2000 (Pet. at 4), but that does not explain why he did not file a petition for review in the California Supreme Court, given that the California Court of Appeal's decision was issued on January 21, 1999. (See Pet., Attach. at 1.) He also states that he has been trying to obtain copies of his trial transcripts from the Ventura County courts (Pet. at 3), but he does not explain when those efforts began or why he waited so long. In any event, a lack of transcripts is likely not an "extraordinary circumstance" warranting equitable tolling. Hall v. Warden, 662 F.3d 745, 752 (6th Cir. 2011) (holding that petitioner's lack of access to trial transcripts, coupled with pro se status and limited access to law library, insufficient to warrant equitable tolling), cert. denied, 133 S. Ct. 187 (2012); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (denying tolling because habeas petition can be filed without access to trial transcripts, which may be ordered subsequently if necessary for reviewing court's decision).

The Petition also appears subject to dismissal because none of the claims in it have been exhausted. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (fully unexhausted habeas petitions must be dismissed). Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[2] Exhaustion requires that the

---

[2] A habeas petition "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

4

petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), cert. denied, 133 S. Ct. 424 (2012), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982). The Court's review of the California Appellate Courts' Case Information website confirms that Petitioner has never raised any of his claims in the California Supreme Court.

    A federal court may raise the failure-to-exhaust issue sua sponte and summarily dismiss on that ground. See Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675, 95 L. Ed. 2d 119 (1987); Stone v. City & Cnty. of S.F., 968 F.2d 850, 856 (9th Cir. 1992) (dictum). A district court also has the authority to raise the statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

    IT THEREFORE IS ORDERED that on or before **May 1, 2013**, Petitioner show cause in writing, if he has any, why the Court should not recommend that this action be dismissed because it is untimely and because Petitioner has failed to exhaust his state

remedies as to any of his claims. If Petitioner intends to rely on the equitable-tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts demonstrating that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way."

Plaintiff is advised that his failure to timely comply with this Order may result in his Petition being dismissed for the reasons stated herein and for failure to prosecute.

DATED: April 3, 2013

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE